1

2

3

4

5

6

7

8

9

10

11

12

13

United States District Court
Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DAVID SMITH,

         Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

         Defendant.

Case No.  18-cv-07798-RMI

**ORDER GRANTING SECOND
MOTION TO DISMISS**

Re: Dkt. No. 21

Now pending before the court is Defendant's Second Motion to Dismiss (dkt. 21) Plaintiff's First Amended Complaint ("FAC") (dkt. 20) for failure to timely file. The court granted Plaintiff's request that his FAC serve as his response (dkt. 25), and Defendant has replied (dkt. 26). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 3 & 11). For the reasons stated below, the court grants the motion without leave to amend.

### BACKGROUND

On June 24, 2015, Plaintiff protectively filed for disability benefits under Titles II and XVI alleging a disability onset date of June 30, 2014. *See* Voegle Decl. Ex. 1 (dkt. 21-1) at 9. On January 30, 2018, the administrative law judge ("ALJ") rendered a partially favorable decision to the effect that Plaintiff was disabled as of August 3, 2017, rather than the alleged onset date. *Id*. at 9-21. On the same day, notice of the decision was mailed to Plaintiff and Plaintiff's former counsel. *Id*. at 6-8. Plaintiff requested review of the decision, and, on October 19, 2018, the Appeals Council denied the request and mailed notice of the decision to Plaintiff and former counsel. *Id*. at 22-25. On that date, the ALJ's decision became final. *See* Voegle Decl. (dkt. 21-1) at 2.

United States District Court
Northern District of California

On December 28, 2018, Plaintiff filed a Complaint seeking judicial review of the ALJ's decision. *See* Compl. (dkt. 1). On April 25, 2019, Defendant moved to dismiss (dkt. 15) the Complaint on the grounds that it was not timely filed. Finding the Complaint untimely, the court granted the motion with leave to amend so that Plaintiff could allege a factual basis to warrant the application of equitable tolling to the statute of limitations. *See* Order of Dismissal (dkt. 18). On July 12, 2019, Plaintiff filed a FAC (dkt. 20), and then Defendant filed the present motion (dkt. 21). Plaintiff has requested that the court treat the FAC as his response to Defendant's motion (*see* Pl.'s Response (dkt. 24)) which the court granted (dkt. 25).

First Amended Complaint

Plaintiff's FAC added one paragraph of factual allegations and included a declaration by his attorney. *See* FAC (dkt. 20) at 2; *see also* Attorney Decl. (dkt. 20-1). In his FAC, Plaintiff alleges that he was prevented from filing this action within the statutory period due to a combination of a change in representation and unavailability of subsequent counsel affected receipt of notice of the Appeals Council's decision due to travel. FAC (dkt. 20) at 2. Counsel submits that Plaintiff's case was assigned to him following the retirement of his former attorney in September of 2018. Attorney Decl. (dkt. 20-1) at 2. Plaintiff's former attorney sent "case transfer notes" to the subsequent attorney via electronic mail on September 18, 2018. *Id*. In the notes, the former counsel stated that Plaintiff's case was pending before the Appeals Council, and subsequent counsel needed to write a brief in support of Plaintiff's request for review. *Id*. Counsel asserts that, in his experience, the Appeals Council usually takes one to two years to decide a request for review. *Id*. at 3.

From September through December of 2018, counsel was out of the country. *Id*. While he was away, counsel did not have access to his office's electronic database, the Social Security's electronic database, or Plaintiff's paper file, and, obviously, he could not receive regular, physical mail. *Id*. Apparently, due to limited resources and staff, counsel was unable to make arrangements for another person to monitor his physical mail. *Id*. Counsel adds that he typically receives notice of "time sensitive matters" electronically, but by virtue of being outside the United States, he was unable to access Plaintiff's electronic file on the Social Security database. *Id*. at 3-4. On December

2

1   28, 2018, counsel returned to his office and received the Appeals Council's notice. *Id.* at 4. He

2   filed Plaintiff's Complaint for judicial review that same day. *Id.* Counsel adds that Plaintiff was

3   also unaware of the Appeals Council's denial of the appeal. *Id.*

4                                    **LEGAL STANDARD**

5           The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal

6   sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule

7   12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. A complaint

8   must contain a "short and plain statement of the claim showing that the pleader is entitled to

9   relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a

10  complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

11  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

12  *Twombly*, 550 U.S. 544, 555-57, 570 (2007)). Facial plausibility is established "when the plaintiff

13  pleads factual content that allows the court to draw the reasonable inference that the defendant is

14  liable for the misconduct alleged." *Id.* Thus, a Rule 12(b)(6) motion seeking dismissal for failure

15  to state a claim is proper when there is either "a lack of cognizable legal theory" or "the absence of

16  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*,

17  901 F.2d 696, 699 (9th Cir. 1990); *see also, Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); and, *De*

18  *La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

19          In ruling on a motion to dismiss, courts may consider only "the complaint, materials

20  incorporated into the complaint by reference, and matters of which the court may take judicial

21  notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

22  When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded

23  by the court, the court must convert the Rule 12(b)(6) motion to a Rule 56 summary judgment

24  motion. Fed. R. Civ. P. 12(d). "In certain situations, the statute-of-limitations defense may be

25  raised in a motion to dismiss when the running of the statute is apparent from the face of the

26  complaint." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing *Conerly v.*

27  *Westinghouse Elec. Corp.,* 623 F.2d 117, 119 (9th Cir.1980)). Whether a plaintiff may overcome a

28  statute of limitations defense based on the doctrine of equitable tolling typically "requires

United States District Court
Northern District of California

reference to matters outside the pleading, and is not generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)). However, "such a motion to dismiss should be granted 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Vernon*, 811 F.2d at 1278 (quoting *Conerly*, 623 at 119) (internal quotation marks omitted).

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Conditions on the waiver of sovereign immunity must be strictly construed in favor of immunity. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

Congress waived sovereign immunity under the Social Security Act. 42 U.S.C. § 405(g). In relevant part § 405(g) provides that individuals seeking judicial review of "any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). Unless there is a reasonable showing to the contrary, it is presumed that an individual is in receipt of the notice of the Appeals Council's decision five days after the date of such notice. *See* 20 C.F.R. § 422.210(c). The Appeals Council may grant a request for an extension of time to file an action in federal court "upon a showing of good cause." *Id*. The sixty-day limit constitutes a statute of limitations. *See Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993) (citing *Bowen*, 476 U.S. at 478; *Honda v. Clark,* 386 U.S. 484, 501 (1967)).

While the sixty-day statute of limitations is strictly construed, the Supreme Court has held that "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 479 (quoting *Block v. North Dakota,* 461 U.S. 273, 287 (1983)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

1    "Federal courts have typically extended equitable relief only sparingly," and courts "have

2    generally been much less forgiving in receiving late filings where the claimant failed to exercise

3    due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96

4    (1990). "[A] garden variety claim of excusable neglect" by counsel is not an extraordinary

5    circumstance. *Id*. In this Circuit, courts "'do not recognize run-of-the mill mistakes as grounds for

6    equitable tolling because doing so would essentially equitably toll limitations periods for every

7    person whose attorney missed a deadline.'" *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir.

8    2017) (quoting *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015)).

9                                          **DISCUSSION**

10         Defendant contends that the court should dismiss Plaintiff's complaint because it was

11   untimely filed and is barred by the statute of limitations. *See* Def.'s Mot. (dkt. 21). It is undisputed

12   that Plaintiff brought this action after the statutory period expired. *See id*. at 2; *see also* FAC (dkt.

13   20) at 2. Instead, Plaintiff asserts that he was "prevented from filing" this action within the

14   statutory period "due to a combination of a change in representation and the travel of Plaintiff's

15   subsequent counsel which affected receipt of notice" of the Appeals Council's decision. FAC (dkt.

16   20) at 2. Plaintiff's counsel was unavailable and had received notes from the prior attorney

17   assigned to the case that had led him to believe there was nothing time sensitive occurring in

18   Plaintiff's case.

19         This does not constitute an extraordinary circumstance. Courts in this circuit have dealt

20   with similar mistakes and found that equitable tolling did not apply. *See Carty v. Berryhill*, No.

21   17-CV-01212-JCS, 2017 WL 5525827 (N.D. Cal. Nov. 17, 2017) (granting the Commissioner's

22   motion to dismiss without leave to amend because the plaintiff's medical problems and difficulties

23   finding legal counsel did not warrant equitable tolling); *Kindschy v. Berryhill*, No. 1:17-cv-00445-

24   CWD, 2018 WL 1583135 (D. Idaho Mar. 30, 2018) (dismissing the complaint with prejudice and

25   finding an attorney's heavy caseload did not amount to extraordinary circumstances to warrant

26   equitable tolling; *see also Del Rosario v. Berryhill*, No. 18-cv-07197-DMR, 2019 WL 5067011

27   (N.D. Cal. Oct. 9, 2019). In *Del Rosario*, the plaintiff's complaint was filed two days after the

28   statutory period expired. *Id*. at *1. The court rejected the argument that equitable tolling should

United States District Court
Northern District of California

1  apply under the same circumstances involved in this case. *Id*. at *2. The court finds that the

2  circumstances of this case amounted to no more than an ordinary mistake, and thus, failed to meet

3  the standard of "extraordinary circumstances" required to receive the benefit of tolling. *See id*. at

4  *5-*6.

**CONCLUSION**

6  For the aforementioned reasons, the court **GRANTS** Defendant's Second Motion to

7  Dismiss Plaintiff's FAC. Because any attempt to plead around the running of the statute of

8  limitations would be futile, Plaintiff's complaint is properly dismissed with prejudice. *See In re*

9  *Daou Systems*, 411 F.3d 1006, 1013 (9th Cir. 2005) (complaint may be dismissed with prejudice if

10  it is clear that it cannot be saved by amendment); *Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir.

11  1996) ("Dismissing a complaint without leave to amend is appropriate when granting leave would

12  serve no purpose because the acts complained of cannot constitute a claim for relief."); *Bell v. City*

13  *of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991) (dismissal with prejudice is proper if amendment

14  "would be futile in saving the plaintiff's case").

15  A separate judgment shall issue.

16  **IT IS SO ORDERED.**

17  Dated: June 29, 2020

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California